Adam J. Soibelman 150106
ASoibelman@R2LG.com
Robin M. McConnell 190247
RMcConnell@R2LG.com)
R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Tel: 818.610.3222
Fax: 818.610.3322

Nicholas J. Lanza Texas Bar No. 11941225 (*pro hac vice* admission pending)
nlanza@mlm-lawfirm.com
Stewart K. Schmella Texas Bar No. 24033041 (*pro hac vice* admission pending)
sschmella@mlm-lawfirm.com
McCORMICK, LANZA & MCNEEL, LLP
4950 Bissonnet
Bellaire, Texas
Tel: 713.523.0400
Fax: 713.668.6417

Attorneys for Plaintiff,
SEGLER HOLDINGS, LLC, A TEXAS
LIMITED LIABILITY COMPANY

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

SEGLER HOLDINGS, LLC, a Texas limited liability company,

Plaintiff,

vs.

MARISA MILLER, an individual, and CARTEL MANAGEMENT, a California corporation, and DOES 1 through 10, inclusive

Defendants.

Case No.: 2:15-CV-04335

**COMPLAINT OF PLAINTIFF SEGLER HOLDINGS, LLC FOR:**

**(1) BREACH OF WRITTEN CONTRACT**

**(2) UNJUST ENRICHMENT**

**(3) UNFAIR COMPETITION (Bus. & Prof. Code Sect. 17200)**

**DEMAND FOR JURY TRIAL**

///

///

///

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

Plaintiff SEGLER HOLDINGS, LLC ("Segler Holdings"), files this Complaint over which this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## I. THE PARTIES

### A. Plaintiff

1. Segler Holdings is a limited liability company organized and existing pursuant to the laws of the State of Texas. Each of Segler Holdings' members are Texas residents.

### B. Individual Defendants

2. Defendant Marisa Miller ("Miller") is an individual resident of the State of California, County of Los Angeles.

### C. Entity Defendants

3. Defendant Cartel Management ("Cartel") is a California corporation organized and existing pursuant to the laws of the State of California, with its principal place of business located in Los Angeles, California. Cartel is a talent management company operated by Miller's husband, Griffin Guess ("Guess"), and is the management company and agent for Miller.

4. Segler Holdings is informed and believes that at all times mentioned herein, each of the Defendants was acting as the joint venturer, agent, servant, employee or employer, or alter-ego of each of the other Defendants and in acting or failing to act as alleged in this complaint, each defendant was acting within the course and scope of such conspiracy, joint venture, agency, service or employment and within the permission, consent, approval, and ratification of each of the other Defendants. Segler Holdings is informed and believes that at all relevant times each of the Defendants was acting in concert with each of the other Defendants toward a common goal.

### D. DOE Defendants

5. Segler Holdings is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of those defendants' named herein as

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

DOES 1-10, inclusive. Segler Holdings sues DOES 1 through 10 by fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained. Said defendants are also sued herein for all of the acts performed by them as agents, servants, or employees for acts performed within the scope and course of their authority and employment. Segler Holdings is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible for the events, harm, and damages alleged herein.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

7. Complete diversity of citizenship exists between (1) Segler Holdings and (2) Miller and Cartel (collectively the "Defendants") because they are citizens of different States. 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(3) because at least one of the Defendants resides in this District. Further, the parties' contract provides: "This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard [sic] to conflicts of law principles. Each party hereby submits to the exclusive jurisdiction of the federal and state courts of Los Angeles, California." (See Exhibit "A," Ambassador Agreement, § VIII, ¶ 16.)

## III. GENERAL FACTUAL ALLEGATIONS

### A. The Agreement Between Segler Holdings and the Defendants

9. Segler Holdings owns Glissin, a sunless tanning salon.

10. Miller is a world-famous supermodel and actress.

11. Cartel is a talent management company operated by Miller's husband, Guess.

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

12. Segler Holdings retained Miller as its spokesperson to build its brand.

13. In 2012, Segler Holdings and Miller, through Cartel, entered into the written Ambassador Agreement. (See Exhibit "A," Ambassador Agreement.) In the Ambassador Agreement, Miller agreed she would "be an advocate for Glissin," whose core mission is to provide a "sunless tanning initiative.'" (Exhibit "A," § I, ¶ 1.) Miller agreed to "use her celebrity and her media brand to promote sunless tanning and Glissin in different media outlet opportunities throughout the term of the Agreement." (Exhibit "A," § I, ¶ 1.) Specifically, the Ambassador Agreement provided that Miller would engage in a variety of activities to promote Glissin, including the following:

a. "[Miller] will make herself reasonably available to take part in Media opportunities…including but not limited to, promotions, television/radio talk shows, publicity meetings, public relations events and franchise meetings and at such other functions as Cartel may determine from time to time (the "Event"). (Exhibit "A," § I, ¶ 2.)

b. "[Miller] and Cartel will produce and select a minimum of seven (7) final master prints for the sole purpose of promoting Glissin and Glissin Products. Cartel and [Miller] agree to deliver to Glissin [sic] minimum of seven (7) master prints within forty five (45) days of the execution of the Agreement. (Exhibit "A," § I, ¶ 5.)

c. "[Miller] and Cartel will deliver to Glissin a "Behind The Scenes" video documenting [Miller's] Glissin photography session…within forty five (45) days of the execution of this Agreement…." (Exhibit "A," § I, ¶ 6.)

d. "[Miller] and Cartel will deliver a thirty (30) second advertorial ("Advertorial") featuring [Miller] which will be ready for broadcast…." (Exhibit "A," § I, ¶ 7.)

14. The Defendants also agreed to work with Segler Holdings to develop a line of tanning products bearing Miller's name, image, trademark, and logo. "Marisa

Miller and Cartel will work with Glissin to develop a line of tanning products which will bear Marisa Miller's name, image, trademark and logo ("Marisa Miller Product Line"). Marisa Miller, Cartel and Glissin will work together collectively to develop selected products which would include but not be limited to SPF Sunblock, aerosol spray-on tans, skin moisturizers, and other products relating to the tanning industry that will be sold at Glissin stores as well as wholesale and retail outlets that are to be selected by Cartel. (Exhibit "A," § I, ¶ 11.)

15. The Defendants and Segler Holdings also agreed to co-create a tanning solution bearing Miller's name, image, and logo for Glissin in-store tanning sessions. (Exhibit "A," § I, ¶ 12.)

**B. Payment Terms**

16. In exchange for Miller's agreement to act as an advocate for Glissin, Segler Holdings paid Miller $1,300,000. (Exhibit "A," § III ¶ 1(a).)

17. Segler Holdings also agreed to pay Miller ten percent (10%) for the sale of each Glissin franchise agreement through the end of the Agreement's term. (Exhibit "A," § III ¶ 1(b).) Segler Holdings agreed to pay Miller ten thousand dollars ($10,000) for the sale of each Glissin franchise. (Exhibit "A," § III ¶ 1(c).). Segler Holdings agreed Miller would receive fifteen percent (15%) of the sales from the Marisa Miller Product Line. (Exhibit "A," § III ¶ 1(d).) Segler Holdings also granted Miller a twenty-five percent (25%) ownership interest in the Glissin flagship store located in Houston, Texas. (Exhibit "A," § III ¶ 1(d).)

**C. Ambassador Agreement's Original Term**

18. The Ambassador Agreement provided for a Service Term of two years following the delivery of certain promotional materials by the Defendants to Segler Holdings. (Exhibit "A," § II ¶ 2.) The Ambassador Agreement's effective date was April 5, 2012.

**D. Agency Agreement**

19. Segler Holdings and Cartel executed an Agency Agreement in

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

conjunction with the Ambassador Agreement. (Exhibit "C," Agency Agreement.) Cartel agreed it would serve as the exclusive creative and production agency for Segler Holdings for any advertisements or promotions that used Miller's name, image, or likeness. (Exhibit "C," § I ¶ 1.)

20. Segler Holdings agreed to pay Cartel a $7,500 per month creative agency fee through the two-year term of the agreement. (Exhibit "A," § III ¶ 1.) Segler Holdings paid Cartel in excess of $165,000.

**E. The Defendants Failed to Honor The Agreements**

21. The Defendants have done virtually nothing required under the Agreements, and Miller has failed to act as an advocate for Glissin, to promote Glissin's sunless tanning solutions, or otherwise develop the Glissin brand. The Defendants have failed to use Miller's celebrity and her media brand to promote sunless tanning, generally. The Defendants have failed to perform under the Ambassador Agreement and the Agency Agreement. Meanwhile, Segler Holdings has lived up to its end of its deal with the Defendants and has made all payments required to Miller and Cartel. Segler Holdings paid Miller and Cartel in excess of $1,800 000.

22. Segler Holdings also commissioned experts to develop a line of sunless tanning products bearing Miller's likeness. Segler Holdings commissioned an expert to design six different products for the Miller line, including, but not limited to, hair moisturizer, lip balm, and an exfoliating spray. Segler Holdings promptly provided new product specifications to the Defendants. Instead of engaging with Segler Holdings, the Defendants did not provide any feedback whatsoever for over five months. After five months, the Defendants asserted various specious objections and refused to sign off on the products.

23. At the Defendants' request, Segler Holdings established a Glissin Westwood salon in Westwood, California. Segler Holdings opened the Glissin Westwood salon in May 2013. Segler Holdings leased the real property for the

Westwood salon for $5,000 per month for five years. Yet, despite the Defendants' request to open a Glissin salon, ostensibly for media purposes, Miller never bothered to visit or appear at the Westwood location. Due to the Defendants failure to promote or advocate for Glissin, the Westwood salon never got off the ground. Segler Holdings closed the Westwood salon in November 2014, after investing approximately $700,000 into the location. Segler Holdings continues to pay the monthly rent and related expenses because the landlord has been unable to lease the space.

**F. Amended Ambassador Agreement and Amended Agency Agreement**

24. In the spirit of cooperation, Segler Holdings and the Defendants executed an Amendment to the Ambassador Agreement (Exhibit "B") and an Amendment to the Agency Agreement (Exhibit "D"). The Amendments established new Service Terms of two years beginning December 19, 2013.

25. Since the parties executed the Amendments, the Defendants failed to perform.

26. The Defendants only took minimal steps to promote Glissin in their social media channels. On May 20, 2014, Miller posted, for the first and only time, a blog entry referencing Glissin, http://www.marisamiller.com/blog/2014/05/glissin/. Miller cross-posted a single entry on her public Facebook page and Twitter page referencing Glissin. https://www.facebook.com/themarisamiller/photos/a.123292634367075.15527.120200248009647/914460168583647/?type=1&theater; https://twitter.com/marisamiller/status/486943490056548354. The Defendants only posted a single video to the Glissin YouTube channel, consisting of the thirty-second advertising spot they previously produced. Defendants delivered a website, but it appears to promote a lotion company, not a sunless tanning salon. See http://www.glissin.com/.

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

27. The Defendants have failed to perform the terms of the Agreements, and have failed to assist Segler Holdings in building the Glissin brand. The Defendants have wholly failed to promote the value and importance of sunless tanning generally. Consequently, the Defendants have materially breached both the Ambassador Agreement and the Agency Agreement.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

**(Against All Defendants)**

28. Segler Holdings realleges and incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Segler Holdings and the Defendants entered into the Ambassador Agreement and the Agency Agreement, and Amendments, for Miller to develop and provide endorsement services for Glissin products.

30. Segler Holdings fully performed under the Ambassador Agreement and the Agency Agreement, and Amendments, including payments in excess of $1,800,000 to Defendants, for which Segler Holdings essentially received nothing in return.

31. The Defendants have failed to perform their obligations under the Ambassador Agreement and the Agency Agreement, and Amendments.

32. The Defendants' breach of the Ambassador Agreement and the Agency Agreement, and Amendments, excused subsequent performance by Segler Holdings of any further obligations under either agreement. Segler Holdings has been significantly damaged by the conduct of the Defendants.

33. Segler Holdings's damages include but are not limited to all amounts paid to Defendants, which amounts exceed $1,800,000, plus incidental costs Segler Holdings incurred under and pursuant to the parties' Agreements, and other costs and expenses which sums are believed to exceed $1,000,000.

///

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

34. Segler Holdings seeks to recover its reasonable attorneys' fees incurred in connection with enforcing its rights under the Ambassador Agreement and the Agency Agreement, as amended, pursuant to California Civil Code Section 1717, and the parties' Agreements, which provide that Miller will indemnify and hold Glissin and its related entities, employees, directors, and officers harmless, including all counsel fees incurred as a result of breach of the Agreement by Miller. (Exhibit "A," § VII ¶ 3(a); Exhibit "C", § VII, ¶ 1(a).)

**SECOND CAUSE OF ACTION**

**(Unjust Enrichment)**

**(Against All Defendants)**

35. Segler Holdings realleges and incorporates by reference paragraphs 1-34 of this Complaint as though fully set forth herein.

36. Alternatively, Segler Holdings seeks to recover from the Defendants for unjust enrichment. Segler Holdings paid the Defendants for services which the Defendants agreed would be rendered by Defendants.

37. Defendants failed to render the agreed-upon and bargained-for services.

38. The Defendants have been unjustly enriched at the expense of Segler Holdings by receiving compensation for services the Defendants promised to provide, but then failed to provide after having been paid in full.

39. The acts of the Defendants have damaged Segler Holdings.

**THIRD CAUSE OF ACTION**

**(Business & Professions Code § 17200)**

**(Against All Defendants)**

40. Segler Holdings realleges and incorporates by reference paragraphs 1-39 of this Complaint as though fully set forth herein.

41. Defendants knowing failure to render the agreed-to services, and taking minimalistic actions to deceive Segler Holdings into believing they were performing as required or would perform as required, constitute unfair business acts and

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

practices under the California Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*

42. Each Defendant violated Section 17200's prohibition against engaging in unfair and deceptive business practices as they accepted full compensation for services they never rendered or intended to render. Defendants' actions were unethical, oppressive, and unscrupulous.

43. Defendants have caused substantial harm, costs, and damages to Segler Holdings. As a result of Defendants' unfair business practices, they have improperly received at least $1,800,000 from Segler Holdings. Defendants have been unjustly enriched, and it would be inequitable to allow Defendants to retain the monies they obtained from Segler Holdings through their unfair practices. Disgorgement should be awarded so as to achieve substantial justice between the parties.

44. Segler Holdings is entitled to restitution for all amounts that Defendants have been unjustly enriched, in an amount to be proven at trial, plus interest, which amount is in excess of $1.7 million.

**PRAYER FOR RELIEF**

WHEREFORE, Segler Holdings prays for judgment against all Defendants as follows:

1. For Segler Holdings's direct and consequential damages, in an amount to be proven at trial, for the first cause of action;

2. For restitution and disgorgement of unjust enrichment, plus interest, pursuant to the second and third causes of action;

3. For an award of cost and attorney's fees as allowed by contract and law;

///

///

///

4. For such other or further relief as the Court may deem just and proper.

DATED: June 9, 2015

R2 LAW GROUP, LLP

By: /s/

ROBIN MCCONNELL, ESQ.
Attorneys for Plaintiff
SEGLER HOLDINGS, LLC, A TEXAS LIMITED LIABILITY COMPANY

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

R2 LAW GROUP, LLP
23901 Calabasas Road, Suite 2006
Calabasas, CA 91302
Telephone: 818.610.3222

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Segler Holdings hereby demands a trial by jury of all issues so triable on the claims alleged herein.

DATED: June 9, 2015

R2 LAW GROUP, LLP

By: /s/

ROBIN MCCONNELL, ESQ.
Attorneys for Plaintiff
SEGLER HOLDINGS, LLC, A TEXAS LIMITED LIABILITY COMPANY